IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KEITH E. MILLER                                                                                                 PLAINTIFF
ADC # 144926

v.                                            5:15CV00018-BRW-JJV

GAIL MAINARD, Construction Engineer,
Arkansas Department of Correction, *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

**I.   INTRODUCTION**

Keith E. Miller ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this *pro se* action, pursuant to 42 U.S.C. § 1983, claiming Defendants violated his constitutional rights. After careful review of the documents submitted by Plaintiff, the Court concludes Plaintiff's Complaint (Doc. No. 2) should be dismissed for failure to state a claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  ANALYSIS

Plaintiff alleges that he was employed as a "skilled worker" by the Defendants. (Doc. No. 2 at 3.) While performing work on a project, he claims he was exposed to asbestos when he cut through a concrete foundation. (*Id*.) Now, he brings this action alleging that each of the Defendants violated his constitutional rights when they knowingly allowed him to continue work at that site without proper protection, despite knowing that unsafe levels of asbestos were present. (*Id*. at 6-7.)

It is well settled that a plaintiff in a section 1983 action must suffer some actual injury before he can claim compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Here, Plaintiff's lone allegation of physical injury is a single line in the brief supporting his Complaint, which notes that he has contracted unspecified breathing problems as a result of his alleged asbestos exposure. (Doc. No. 3 at 2). Plaintiff does not elaborate on this allegation and the Court finds that it does not comport with the pleading standard articulated by *Twombly*. Plaintiff does argue that he is entitled to recover all "reasonably anticipated consequential damages" which arise from his alleged exposure,

Case 5:15-cv-00018-BRW   Document 6   Filed 01/22/15   Page 4 of 5

but he provides no legal authority to support this proposition. (Doc. No. 2 at 6.)

The Court finds that, absent an actual injury from Plaintiff's alleged exposure to asbestos, his allegations must be dismissed for failure to state a claim upon which relief may be granted. Here, Plaintiff does not claim that he is still exposed to asbestos or that he is suffering from mental or emotional distress as a result of that exposure. Rather, he argues that he is entitled to $1.5 million in compensatory damages because he will now be required to medically monitor himself for "asbestos and mesothelioma." (*Id*. at 7.) Any actual harm, however, is at this stage purely speculative and not compensable under Plaintiff's theory of damages. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) (holding that plaintiff was not entitled to compensation where he alleged "not a failure to prevent harm", but a "failure to prevent exposure to risk of harm").

Pursuant to his brief, Plaintiff also relies on several sections of the Code of Federal Regulations to support his contention that Defendants failed to properly manage the risk of asbestos at the work site. (Doc. No. 3 at 1-2.) These regulations, even if Defendants did not comply with them, do not alter the foregoing analysis which precludes continuance of this section 1983 action. Moreover, review of these regulations fails to evidence intent for any private cause of action based thereon.

## IV.     CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.     Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

4

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 22nd day of January, 2015.

                                        */s/ Joe J. Volpe*
                                        JOE J. VOLPE
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."